IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ALICIA L. CONKLIN<br>202 Allen Drive<br>Union City, Indiana 47390<br><br>And<br><br>GREGORY CONKLIN<br>202 Allen Drive<br>Union City, Indiana 47390<br><br>Plaintiffs,<br>VS.<br><br>EMMA R. HIATT<br>2539 Harrison Road<br>New Madison, Ohio 45346<br><br>Defendant. | CASE NO. _____<br><br>Judge: _____<br><br><br><br>COMPLAINT FOR PERSONAL INJURY |

### Jurisdiction

1. This Court has jurisdiction of this matter by reason of controversy between citizens of different states, Indiana, and Ohio respectively, and the amount in controversy being in excess of $75,000.00.

### FIRST CLAIM FOR RELIEF

2. On or about December 26, 2021, Plaintiff, Alicia L. Conklin, hereinafter referred to as Alicia, was a front seat passenger in an automobile being driven by her husband, Gregory A. Conklin, hereinafter referred to as Gregory. They were traveling in a northwest

direction on Union Street in Greenville, Ohio. Union Street is intersected from the north by Fort Recovery Road. Said intersection is controlled by a stop sign for traffic travelling southbound on Fort Recovery Road. There is no traffic control device for traffic on Union Street at this intersection.

3. At the same time and place, Defendant Emma R. Hiatt, hereinafter referred to as Hiatt, was driving a 2004 Jeep automobile owned Terri J. Hiatt, in a south direction on Fort Recovery Road. Alicia is informed and believes that Hiatt stopped the Jeep at the aforesaid intersection in obedience to the stop sign for southbound traffic. However, Hiatt failed to remain stopped to permit Gregory to proceed with the lawful right-of-way through said intersection. Hiatt drove into the lane of travel of the Conklin vehicle resulting in a severe crash disabling both vehicles.

4. Hiatt was negligent in failing to remain stopped to yield the lawful right of way to the Conklin vehicle in violation of Ohio Revised Code, Section 4511.43 (A); in failing to keep a proper lookout for traffic travelling on Union Street; in failing to operate the Jeep so as to avoid the aforementioned collision; and she was otherwise negligent. In the event Hiatt was distracted by a cellphone or other electronic device her actions were wanton and reckless supporting a claim for punitive damages.

5. As a direct and proximate result of Hiatt's negligence, Alicia sustained injuries which include, but are not limited to fractures of her first cervical vertebrae, displacement of her right kneecap, and other bruises and contusions. She required hospitalization and significant medical care and treatment. She experienced and will continue to experience pain and discomfort for an indefinite time in the future. She required home health care and physical therapy for approximately 11 months. She was unable to engage in her usual

daily activities during that time and suffered other hedonic damages. She has incurred bills for her necessary medical care and treatment in the approximate amount of $85,000.00. Her injuries are or may be permanent and ongoing.

6. As a result of injuries to her husband as hereinafter described, Alicia was deprived of his care and comfort and service for a number of months.

## SECOND CLAIM FOR RELIEF

7. Gregory A. Conklin, for the Second Claim for Relief, adopts the allegations of the First Claim for Relief as though fully rewritten herein.

8. Further, Gregory states that as a direct and proximate result of Hiatt's negligence, he suffered injuries to his lumbar spine and his cervical spine. He required hospitalization and extensive testing. He experienced pain, discomfort, disability, and other hedonic damages for a number of months. He incurred bills for necessary medical care and treatment in the approximate amount of $7,300.00. He is also responsible for his wife's bills for necessary medical care and treatment of her injuries directly and proximately related to the trauma of the aforesaid collision. He lost his wife's care, comfort and services during her period of disability. His injuries and damages may be permanent and ongoing.

**WHEREFORE**, in her First Claim for Relief, Plaintiff, Alicia Conklin, demands judgment against Defendant, Emma Hiatt, in excess of $75,000; in his Second Claim for Relief, Plaintiff, Gregory Conklin, demands judgment against Defendant, Emma Hiatt, in excess of $75,000. Plaintiffs' further demand all other damages to which they may be entitled, including but not limited to, costs, attorney fees, punitive damages, and interest herein.

Respectfully submitted,

CASPER & CASPER

*William P. Allen*

William P. Allen (0064046)
Trial Attorney for Plaintiffs
3735 S. Dixie Highway
Middletown, OH 45005-5186
(513) 424-2401 (phone)
(513) 800-1316 (fax)
wallen@casperlaw.com

## INSTRUCTIONS FOR SERVICE

TO THE CLERK:

Please issue service of summons, together with a copy of the foregoing Complaint by certified mail service, return receipt requested upon the Defendant at the address listed

EMMA R. HIATT
2539 Harrison Road
New Madison, Ohio 45346

*William P. Allen*

William P. Allen
Trial Attorney for Plaintiffs